**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     MARIO A. YBARRA and | ) | BK 06-30461 |
|     LESLIE E. YBARRA, | ) | Chapter 13 |
| | ) | |
|         Debtors. | ) | |

**OPINION**

In a matter of first impression in this District, the Court has been asked to examine the effect of conversion of a prior case upon a debtor's eligibility to receive a discharge in a pending chapter 13 case in light of the prohibitions against serial discharge enacted in 11 U.S.C. § 1328(f) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The debtors in this case filed a chapter 13 case (BK 03-30410) on February 3, 2003, which was converted to a chapter 7 case on May 21, 2004, and subsequently discharged under chapter 7 on September 6, 2004. They filed the instant chapter 13 case on April 3, 2006, prompting the United States Trustee to move for a determination that subsection 1328(f)(1) is applicable to their case and bars their discharge. The debtors responded that the plain language of the section places their case within subsection 1328(f)(2) and allows their discharge. Following the submission of briefs and oral argument, the Court finds that subsection 1328(f)(1) is applicable to the debtors' case and they are barred under this subsection from receiving a discharge.

The facts as outlined above are not in dispute. In addition, both parties agree that, whether or not the prior case has been converted from one chapter to another, the respective "look back" periods set forth in §§ 1328(f)(1) and (2) are to be measured from the date of the order for relief in the more recent case back to the petition date of the prior

case. The debtors concede that 11 U.S.C. § 348(a) mandates this result because the event of conversion constitutes an order for relief under the chapter to which the case is converted, but does not change "the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a).

With the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 1328 was amended to add subparagraph (f), which provides:

> (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge–
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter, or
> (2) in a case filed under chapter 13 of this title during the 2-year period preceding the date of such order.

11 U.S.C. § 1328(f). Application of the statute is three-pronged. First, the Court must decide whether a debtor's current chapter 13 case is governed by subsection (f)(1) or (f)(2), a determination that depends on finding the chapter under which a prior case was filed. Second, the Court must measure backward the appropriate four or two years from the date of the order for relief in the pending chapter 13 case and ascertain whether the petition date of any prior case falls within the governing four- or two-year time frame. Third, for any prior case that is found to fall within the relevant time period, the Court must determine whether the debtor received a discharge during that time period. Application of the first prong, while straightforward in many cases, is at issue in this case due to the conversion of the debtors' prior case. As will be discussed below, the Court believes that the legislature's intent in promulgating § 1328(f) was to focus on the chapter under which a debtor received a discharge, making irrelevant an inquiry into the chapter under which a petition was filed or to which a case was converted. The awkward

2

drafting of the statute, however, forces misplaced emphasis on the chapter a case was "filed under."

The parties frame their dispute in the instant case as centering upon whether § 1328(f) is ambiguous or not. The debtors argue that the plain meaning of the phrase "case filed under" refers only to the original filing of the petition, causing the Court to focus exclusively on the chapter under which the petition in the prior case was filed, while ignoring both the conversion of the prior case and the chapter under which discharge ultimately was granted. To support their argument, the debtors rely upon the definition of the term "filed" and contrast the language of § 1328(f) with that of 11 U.S.C. § 727(a)(8). The debtors contend as well that a contrary holding would upset the statutory scheme with respect to the treatment of motions for relief from the automatic stay upon conversion of a case. Lastly, the debtors argue that their interpretation of the statute is consistent with the legislature's interest in promoting the selection by debtors of chapter 13 over chapter 7.

The United States trustee counters that the debtors' plain reading of the statute is flawed since the phrase "case filed under" does not have the meaning imparted to it by the debtors. She contends that the statutory language prohibiting serial discharge must be read in context and the impact of § 348(a) considered in parsing the meaning of § 1328(f). According to the United States trustee, the phrase "case filed under" refers not only to the case under which the petition is filed but also to the case that is "deemed filed" upon the conversion of the case. Alternatively, the United States trustee argues that there is ambiguity in the statute, which forces the Court to examine the legislative intent behind the words and to refocus on the chapter under which the prior case was

3

discharged. Finally, the United States trustee contends that even if the language of the statute appears unambiguous, the debtors' reading of the statute brings about a result so absurd that it cannot be the meaning intended by the drafters.

Relying on a fundamental rule of statutory construction articulated by the United States Supreme Court in the case of *Lamie v. U. S. Trustee,* 540 U.S. 526 (2004),[1] the debtors contend that, in assigning a pending case to either subsection (f)(1) or (f)(2), the plain meaning of the phrase "case filed under" demands reference only to the chapter under which the petition in a prior case was filed without regard to the conversion of the prior case and the role that § 348(a) plays in this context. Since the Bankruptcy Code lacks a definition of the term "filed," debtors cite definitions from several dictionaries to argue that "case filed under" refers exclusively to the case at its inception as initiated by the filing of a bankruptcy petition.[2] However, a review of the definitions presented by

---

[1] In *Lamie,* the Supreme Court explained:

> It is well established that 'when the statute's language is plain, the sole function of the courts–at least where the disposition required by the text is not absurd–is to enforce it according to its terms.' *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6 (2000) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 (1989), in turn quoting *Caminetti v. United States,* 242 U.S. 470, 485 (1917)).

*Lamie v. U.S. Trustee,* 540 U.S. at 534 (parallel citations omitted).

[2] In their Supplemental Memorandum in Opposition of [sic] Motion for Entry of Order Finding that 11 U.S.C. § 1328(f)(1) is Applicable, the debtors state:

> The Sixth Edition of Black's Law Dictionary defines '[f]iling with court' as '[d]elivery of legal documents [sic] to clerk of court or other proper officer with intent that it be filed with court.' BLACK'S LAW DICTIONARY 628 (6th ed. 1999[sic]). The Seventh Edition defines the term 'file' as 'deliver[ing] a legal document to the court clerk . . . for placement into the official record [or] . . . commenc[ing] a lawsuit[ .]' BLACK'S LAW DICTIONARY 642 (7th ed. 1999). Webster's New Collegiate Dictionary, however, provides a definition for 'file or filed, filing' as 'to perform the first act of (as a lawsuit).' WEBSTER'S NEW COLLEGIATE DICTIONARY 424 (1979). See also *In re Cole*, 347 B.R. 70, 74 (Bankr.E.D.Tenn. 2006).

Supp. Mem. in Opp'n of [sic] Mot. for Entry of Order Finding that 11 U.S.C. § 1328(f)(1) is Applicable at 4 (No. 53 BK 06-30461).

the debtors reveals that "filed" does not have the limited meaning debtors ascribe to it. While "filing" may denote the act of delivering a document to the court clerk to **begin** litigation, it applies as well to the delivery of documents for placement in the record **throughout the course** of litigation. Therefore, use of the term "filed" in § 1328(f) does not, alone, signify that the act of filing a bankruptcy petition or beginning a case is necessarily implicit in the phrase "case filed under." Moreover, unlike the express references to the filing of a petition found in §§ 301(a)[3] and 362(a)[4] – sections cited by the debtors for the proposition that the term "filed" necessarily connotes the filing of a bankruptcy petition – there is no reference in § 1328(f) to the filing of a petition. Rather, the drafters of § 1328(f) only refer to a "**case** filed under." While debtors urge the Court to determine the plain meaning of "case filed under" in a vacuum, it is necessary to examine the meaning of the section within the context of the statutory scheme , including § 348(a) when a prior converted case is involved.

Of the four decisions published to date dealing with the impact of conversion of a prior case on the application of § 1328(f), all have held that the chapter to which the prior case was converted, and not the chapter under which the prior petition was filed, controls the subsection of 1328(f) that is applicable.[5] The Court agrees with these decisions that

---

[3] Section 301(a) provides in pertinent part that "[a] voluntary case under a chapter of this title is commenced by the **filing** with the bankruptcy court **of a petition** under such chapter . . . ." 11 U.S.C. § 301(a) (emphasis added).

[4] Section 362(a) provides in pertinent part that "a **petition filed** under section 301, 302, or 303 of this title, . . . operates as a stay . . . ." 11 U.S.C. § 362(a) (emphasis added).

[5] *In re Knighton*, No. 06-10492-JDW, 2006 WL 3734391 (Bankr. M.D. Ga. Dec. 19, 2006)*; In re Grydzuk*, 353 B.R. 564 (Bankr. N.D. Ind. 2006); *In re Sours*, 350 B.R. 261 (Bankr. E.D. Va. 2006); *In re Capers*, 347 B.R. 169 (Bankr. D.S.C. 2006).

5

the language of § 1328(f) must be considered in context and that the impact of § 348(a) may not be ignored. Section 348(a)[6] is two-fold. It provides, first, that conversion from a case under one chapter to a case under another chapter constitutes an order for relief under the latter chapter. In this way, conversion is analogous to the filing of a petition commencing a case under a chapter of the Bankruptcy Code,[7] which also results in an order for relief arising under that chapter. 11 U.S.C. § 301(b).[8] Second, § 348(a) demands that a converted case be treated as though it were filed on its petition date, leading to the conclusion that "a case which has been converted to Chapter 7 from Chapter 13, . . . is **deemed to be 'filed under'** Chapter 7 on the date on which the Chapter 13 was filed." *In re Sours*, 350 B.R. at 268 (emphasis added). See also *In re Knighton*, 2006 WL 3734391, at *3; *In re Capers*, 347 B.R. at 171-72. The Court finds, therefore, that the meaning of the phrase "case filed under" in § 1328(f) is not limited to a case initiated by filing a bankruptcy petition but also includes a case that, upon its conversion, is deemed filed on the original petition date under the new chapter. *See, e.g., In re Knighton*, 2006 WL 3734391, at *3 ("converting a case from Chapter 13 to Chapter 7 causes the case to be one that is filed under Chapter 7 on the same date the Chapter 13 petition was filed").

---

[6] The section states:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a).

[7] *E.g., In re Grydzuk*, 353 B.R. at 568 (holding that "upon conversion, the order for relief– the critical component in the initiation of a bankruptcy case– became 'an order for relief under the chapter to which the case was converted'") (quoting 11 U.S.C. § 348(a)).

[8] Section 301(b) provides that "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. § 301(b).

Debtors attempt to refute this interpretation of 11 U.S.C. § 1328(f) by urging the Court to contrast its language with that of 11 U.S.C. § 727(a)(8).[9] They contend that in § 727(a)(8), the legislature has shown its ability to craft language that focuses on the chapter under which a debtor received a prior discharge to determine eligibility for discharge in a current case. According to the debtors, as distinct from the language of § 727(a)(8), which focuses on the chapter of discharge in the prior case, the language of § 1328(f) causes the Court to determine the applicability of subsection (f)(1) or (f)(2) based on the chapter under which the prior case was initially filed. However, as discussed previously, this argument examines the text of § 1328(f) without reference to § 348(a). The failure to parallel § 727(a)(8) is insufficient to diminish the construction given to § 1328(f) in its statutory context. *In re Knighton*, 2006 WL 3734391, at *3; *In re Grydzuk*, 353 B.R. at 568.

Equally unconvincing is the debtors' contention that the Court's holding will disturb the statutory scheme with respect to the treatment of motions for relief from the automatic stay. The crux of this argument is that the Court's reading of "case filed under" in § 1328(f) will result in reimposition of previously modified automatic stays upon the conversion of a case, since an automatic stay arises upon the filing of a case pursuant to 11 U.S.C. § 362(a). The argument is flawed , however, since an automatic stay arises only

---

[9] This section provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
>     \* \* \* \*
>     (8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act . . . in a case commenced within 8 years before the date of the filing of the petition . . . .

11 U.S.C. § 727(a)(8).

upon the filing of a **petition**,[10] an event that does not occur upon conversion. In addition, due to the retroactive effect of § 348(a), which provides that conversion does not effect a change in the date of the filing of the petition, any order granting relief from the automatic stay entered prior to conversion would continue, after conversion, to post-date the petition date and the arising of the automatic stay.

Moreover, the Court is persuaded that exceptions to the plain meaning rule prevent the literalism urged by the debtors. In *United States v. Balint*, 201 F. 3d 928, 932-33 (7th Cir. 2000), the Court of Appeals for this Circuit outlined the rules of construction that allow departure from the plain meaning rule when literal interpretation leads to an outcome that is patently contrary to congressional intent or that produces an absurd result. The *Balint* court stated:

> When we interpret a statute, we look first to its language. *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir.1996). If that language is plain, our only function is " 'to enforce it according to its terms.' " *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). The plain meaning of a statute is conclusive unless " 'literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.' " *Ron Pair*, 489 U.S. at 242 (quoting *Griffin v. Oceanic Contractors*, 458 U.S. 564, 571 (1982)). Therefore, our interpretation is guided not just by a single sentence or sentence fragment, but by the language of the whole law, and its object and policy. See *Grammatico v. United States*, 109 F.3d 1198, 1204 (7th Cir.1997) (citing *United States v. Heirs of Boisdore*, 49 U.S. (8 How.) 113, 12 L.Ed. 1009 (1849)). Further, we may adopt a restricted rather than a literal meaning of a word where acceptance of the literal meaning would lead to absurd results. See *Chicago Transit Auth. v. Adams*, 607 F.2d 1284, 1289-90 (7th Cir.1979); *see also Commissioner v. Brown*, 380 U.S. 563, 571 (1965).

*United States v. Balint*, 201 F. 3d at 932-33 (parallel citations omitted).

---

[10] See *supra* note 4.

This Court agrees with the *Sours* determination that the exceptions to the plain meaning rule are applicable in finding the meaning of § 1328(f) when a debtor has a prior converted case in his or her bankruptcy history. *In re Sours*, 350 B.R. at 268-69. Although the debtors contend that the phrase "case filed under" restricts the Court from looking beyond the chapter under which the petition was filed even in a converted case, this interpretation of the text is contrary to the intent of the drafters in enacting § 312 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[11] According to the House Report, the purpose of § 312 was:

> to prohibit the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a prior chapter 7, 11, or 12 case within four years preceding the filing of the subsequent chapter 13 case. In addition, it prohibits the issuance of a discharge in a subsequent chapter 13 case if the debtor received a discharge in a chapter 13 case filed during the two-year period preceding the date of the filing of the subsequent chapter 13 case.

H.R. Rep. No. 109-31, at 76 (1st Sess. 2005). The legislative history, meager though it is, reflects that the intensity of the drafters' efforts to prevent serial discharge, as evidenced by the length of the relevant "look back" period, is determined by the chapter under which a discharge in a prior case is received and not by the chapter under which a petition in such case is filed. As the cited decisions note, the drafters' overall goal was to increase the time between discharges for chapter 13 debtors filing serial cases. *In re Grydzuk*, 353 B.R. at 568; *In re Sours*, 350 B.R. at 268-69; *In re Capers*, 347 B.R. at 172. In addition, Congress determined that the length of time between discharges should be greater for a chapter 13 debtor who previously received a chapter 7, 11 or 12 discharge than for one

---

[11] Section 312 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended 11 U.S.C. § 1328 by adding subsection 1328(f). S. 256, 109th Cong. § 312 (2005).

who had received a discharge in a previous chapter 13 case. *In re Grydzuk*, 353 B.R. at 568; *In re Sours*, 350 B.R. at 268-69; *In re Capers*, 347 B.R. at 172. In fact, were this dispute to be decided based on legislative intent alone, there would be no need to consider the petition chapter or the effect of conversion since the drafters' obvious objective was to focus on the chapter of discharge.[12] Conversion of a case from one chapter to another would be relevant to the analysis only because it would effect the chapter under which a discharge would be rendered.

The debtors' interpretation of § 1328(f) runs afoul of the drafters' purpose since it would "inadvertently create an avenue of avoidance for clever debtors," *In re Sours*, 350 B.R. at 268, who could circumvent the longer time bar of § 1328(f)(1) by filing a petition under chapter 13 with the intent to immediately effect a conversion to, and a discharge under, chapter 7. *In re Knighton*, 2006 WL 3734391, at *2; *In re Sours*, 350 B.R. at 269; *In re Capers*, 347 B.R. at 172. Moreover, the debtors' analysis leads to an absurd result since such a construction would disadvantage, for no apparent reason, a chapter 13 debtor who has filed a prior case under chapter 7, converted to chapter 13 and succeeded in obtaining a chapter 13 discharge. It is illogical that this debtor should sustain a longer time bar than a chapter 13 debtor whose prior case began and successfully completed under chapter 13, or one whose prior **unsuccessful** chapter 13 case was subsequently converted to, and discharged under, chapter 7. *In re Grydzuk*, 353 B.R. at 569; *In re Capers*, 347 B.R. at 172. Apart from a generalized statement that Congress favors the use

---

[12] It is unfortunate that the drafters of § 1328(f) were not artful in their phrasing. A simple movement of the word "filed" would have given clarity to their obvious intent. Thus, had the awkward portion of § 1328(f)(1) been structured to read, "in a case . . . under chapter 7, 11, or 12 of this title [**filed**] during the 4-year period . . . " the legislative intent would have found clear expression. *See* 11 U.S.C. § 1328(f)(1) (emphasis added).

10

of chapter 13 over chapter 7, the debtors offer no explanation that would justify this disparate treatment. The debtors' argument to the contrary elevates form over content.

For the reasons stated, the Court finds that the debtors' prior case, upon its conversion from chapter 13 to chapter 7, was deemed filed under chapter 7 on February 3, 2003, thereby making subsection 1328(f)(1) applicable to their current case. Because February 3, 2003, falls within the four-year period preceding the April 3, 2006, petition date of their current case, and because the debtors received a discharge in their prior case, the debtors are ineligible to receive a discharge in their current chapter 13 case.

SEE WRITTEN ORDER.

ENTERED: January 26, 2007

/s/ Kenneth J. Meyers
UNITED STATES BANKRUPTCY JUDGE